IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WAYNE ROCCAFORTE,<br>　　　　Plaintiff, | §<br>§<br>§ | |
| v. | §<br>§ | No. 3:23-CV-337-X-BW |
| TRANSUNION,<br>　　　　Defendant. | §<br>§<br>§ | Referred to U.S. Magistrate Judge[1] |

# FINDINGS, CONCLUSIONS, AND RECOMMENDATION
# OF THE UNITED STATES MAGISTRATE JUDGE

Based on the relevant filings and applicable law, the Court should **DISMISS** this pro se action without prejudice under Federal Rule of Civil Procedure 41(b) for failure to prosecute or follow orders of the Court.

## I. BACKGROUND

Plaintiff Wayne Roccaforte filed this action against Defendant TransUnion alleging claims under the Fair Credit Reporting Act ("FCRA"). (*See* Dkt. No. 3.) Because his complaint lacked factual content to show that any FCRA violations occurred, the Court ordered him to file an amended complaint. (*See* Dkt. No. 6.) Since filing an amended complaint and a notice of change of address on March 24, 2023, and March 27, 2023, respectively, Roccaforte has not taken any other action in this case. (*See* Dkt. Nos. 10, 11.)

---

[1] By Special Order No. 3-251, this pro se case has been referred for full case management. By Special Order No. 3-354, this case was transferred and reassigned to the undersigned on August 23, 2024. (*See* Dkt. No. 13.)

By order dated March 5, 2025, the Court ordered Roccaforte to provide, within 15 days, the address at which TransUnion could be served with process. (*See* Dkt. No. 14.) Roccaforte did not comply or otherwise respond to the order, and nearly six weeks after his deadline expired, the Court again ordered him on April 29, 2025 to provide the address at which TransUnion could be served with process, this time no later than May 9, 2025. (*See* Dkt. No. 15.) The April 29 order further advised him that the action could not proceed without sufficient information to effect service on the defendant and that failure to provide such information would result in a recommendation that the case be dismissed under Rule 41(b).

An additional two weeks have passed since Roccaforte's latest deadline expired, and he has not complied with the Court's orders or taken any other action manifesting an intent to proceed in this case.

## II.  INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure "authorizes the district court to dismiss an action *sua sponte* for failure to prosecute or comply with [a Federal Rule of Civil Procedure or] a court order." *Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 844 (5th Cir. 2018). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). Further, a court's authority under Rule 41(b) is not diluted merely because a party proceeds pro se, as "[t]he right of self-representation does not exempt a party

2

from compliance with relevant rules of procedural and substantive law." *Wright v. LBA Hospitality*, 754 F. App'x 298, 300 (5th Cir. 2019).

A dismissal under Rule 41(b) is generally without prejudice, but when, as here, a plaintiff may be barred by the applicable statute of limitations from re-asserting the same claims in a new lawsuit, a Rule 41(b) dismissal is in effect tantamount to a dismissal with prejudice and a heightened standard of review applies. *See Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992). Under this heightened standard of review, a court must find "at least one of three aggravating factors: '(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct.'" *Id.* (citations omitted); *see also Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 441 (5th Cir. 2016).

Here, the heightened standard of review has been satisfied. This case has been pending for over two years and, despite the issuance of two orders requiring standard information from Roccaforte to proceed with the case, he has failed to comply with the Court's directives. Since he is representing himself, this delay and implied refusal to comply is attributable to him alone. *See Berry*, 975 F.2d at 1191. Further, a lesser sanction will not prompt diligent prosecution of this case. In fact, it cannot proceed absent the required information. Accordingly, the Court should exercise its discretion to dismiss under Rule 41(b) even if the statute of limitations may prevent re-litigation of the same claims. *See Nottingham*, 837 F.3d at 441 (holding that the court did not abuse its discretion by applying the heightened standard of review

under Rule 41(b) and dismissing pro se action due to the plaintiff's noncompliance with court orders).

### III.  RECOMMENDATION

This action should be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute or follow court orders.

**SO RECOMMENDED** on May 23, 2025.

_____
BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).